*492 OPINION OF THE COURT
Robert F. Julian, J.
Issues Presented:
In response to an application for a court authorized two-year retention of a psychiatric patient, is the Mental Hygiene Legal Service (MHLS) empowered to bring a proceeding on behalf of the patient without his consent or authorization, seeking a judicial review pursuant to Mental Hygiene Law § 9.33 (d) of the retention period proposed by the Psychiatric Center? Is this proceeding timely pursuant to Mental Hygiene Law § 9.33? Are there questions of fact that require a hearing?
Holding:
(1) MHLS is empowered by statute with or without the patient’s consent to bring this proceeding regarding duration of retention and the quality of patient care and treatment.
(2) Although this proceeding is untimely under Mental Hygiene Law § 9.33 (b) and (d), the court is empowered to order a hearing on the issue of retention on its own initiative. A strict adherence to the statutory deadlines is not necessary under the broad grant of authority to the court in Mental Hygiene Law § 9.33.
(3) A hearing is ordered both on the duration of this man’s retention and his treatment plan based on questions of fact raised by MHLS.
Discussion:
Albert D., who is granted anonymous status for the purpose of this proceeding, has been a resident of the Mohawk Valley Psychiatric Center (hereinafter Psychiatric Center) since 1985. The Psychiatric Center seeks an order for a two-year retention. MHLS opposes a two-year retention order and argues that the retention should be for one year, contending that Albert D. has improved, that he has received suboptimal attention from the clinicians, and that he is more likely to achieve a least restrictive environment with the greater attention he would receive from a one-year retention.
The Psychiatric Center argues that MHLS is not empowered to bring this proceeding, that this proceeding is untimely, and that Albert D. is unlikely to be discharged by virtue of his clinical history and present status. Although this appears to be a case of first impression regarding all the issues raised, the *493 court believes that the statutes readily provide answers to the issues raised.
MHLS is empowered to bring this proceeding pursuant to section 9.33 of the Mental Hygiene Law, article 47 of the Mental Hygiene Law, and part 1023 of title 22 of the New York Codes, Rules and Regulations. Pursuant to Mental Hygiene Law § 47.03 (c), issues regarding patient care and retention are the responsibility of MHLS which was created specifically to represent individuals receiving care in those State Mental Health System facilities as defined in Mental Hygiene Law § 1.03, including facilities such as the Psychiatric Center. Mental Hygiene Law § 47.03 (c) specifically empowers MHLS to “provide legal services and assistance to patients or residents * * * related to the admission, retention, and care and treatment of such persons * * In the case at bar, MHLS argues that a two-year retention order could result in a failure to properly clinically monitor this patient and thus reduce his chance of residing in the least restrictive environment. The issues raised by MHLS which involve both retention and patient care are well within the MHLS statutory mandate.
The court finds further that there are questions of fact. The affidavit of the MHLS expert opining that the patient is improving and that the clinical notes for nearly one year reflect the exact same wording upon each examination contradicts the opinions in the affidavit of the Psychiatric Center’s expert, thereby creating a question of fact that can only be decided after a hearing. (CPLR 409.)
The court agrees with the Psychiatric Center that MHLS did not meet the specific time limits of Mental Hygiene Law § 9.33 (b) in its application requesting judicial review. MHLS acknowledges that it was served with a notice of application to retain Albert D., requesting a two-year retention order and that no request for hearing was made within five days as required by Mental Hygiene Law § 9.33 (b). However, Mental Hygiene Law § 9.33 (b) also requires that the court must be “satisfied” that the patient requires continued retention in any retention situation. Mental Hygiene Law § 9.33 (c) provides that the court “may on its own motion, fix a date for the hearing of the application” for retention. Thus, Mental Hygiene Law § 9.33 read in its entirety grants the court broad discretion regarding the procedural time limits of the statute and empowers the court to schedule a hearing on its own.
Given the questions of fact raised and the serious patient care issues associated with those questions, the court will *494 exercise its discretion, and a hearing on the application for a two-year retention is ordered on the court’s own motion pursuant to Mental Hygiene Law § 9.33 (b) and (c) and CPLR 409.